# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig R. Brittain, et al., | No. CV-18-02366-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Doug Ducey, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Craig R. Brittain's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which will be granted. The Court will screen Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening, Plaintiff's Complaint (Doc. 1) is dismissed with leave to amend.

**I.      Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

   **A.  Legal Standards**

      **1. 28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma

1 pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

In the instant Complaint, request for jury trial, and preliminary injunction, the Plaintiffs bring suit against Michele Regan, the Secretary of State for Arizona, and Doug Ducey, the Governor of the state of Arizona, in their official capacities only. For their first two counts, Plaintiffs allege that Arizona law requiring a certain number of voter signatures as a precondition for being placed on the ballot is a denial of their rights under the First and Fourteenth Amendments to the Constitution. For their third count, Plaintiffs allege that Governor Ducey's failure to declare Senator John McCain's senate seat vacant and declare a special election for that seat violates the seventeenth amendment as well as Plaintiffs' right to campaign for the seat, and the right of Arizonans to have a serving U.S. Senator.

Counts one and two are dismissed without prejudice. Plaintiffs, in their Complaint attack Arizona's signature requirement generally. "By requiring a second "vote" in the form of ballot petition signatures, Plaintiff (and other candidates, including third party candidates and independents) are effectively denied equal ballot representation in violation of the Fourteenth Amendment." (Doc. 1) Plaintiffs generalized complaint has long ago been rejected by the United States Supreme Court. "The State has the

1  undoubted right to require candidates to make a preliminary showing of substantial
2  support in order to qualify for a place on the ballot, because it is both wasteful and
3  confusing to encumber the ballot with the names of frivolous candidates." *California*
4  *Democratic Party v. Jones,* 530 U.S. 567, 572 (2000); *Anderson v. Celebrezze,* 460 U.S.
5  780, 78_ n. 9 (1983), citing *Jeness v. Fortson,* 403 U.S. 431 (1971); *American Party of*
6  *Texas v. White,* 415 U.S. 767 (1974). *See also, Graham v. Tamburri,* 377 P.3d 323, 327
7  (2016). Other than alleging that the ballot petition signature requirements are per se
8  unconstitutional, Plaintiffs offer no reason to suggest that the Arizona ballot access
9  requirements are unconstitutional, that they are unconstitutional as applied to him, or any
10 other reason to believe that existing law has not already decided the question that their
11 Complaint presents. They thus fail to state a claim under *Iqbal v. Twombly.* Counts one
12 and two are dismissed with leave to amend within 30 days.

13 As to count three, Senator McCain has been duly elected by the people of Arizona.
14 The governor has no authority to replace a sitting United States Senator. State statute
15 does empower the governor, when a vacancy in such office exists, to call a special
16 election. Ariz. Rev. Stat. § 16-222. But that statute does not grant the Governor the
17 power to declare a vacancy when the duly elected Senator remains in office. To the
18 extent there is a dispute about the qualifications of a United States Senator to serve, the
19 United States Constitution assigns such disputes to the Senate itself. "Each House shall
20 be the Judge of the Elections, Returns and Qualifications of its own Members." Const.
21 Art. 1 Sec. 5. Such disputes, therefore, are not justiciable. Thus, Count Three of
22 Plaintiff's Complaint is frivolous. It is therefore dismissed with prejudice.

23 **2.    Leave to Amend**

24 Plaintiff will be given an opportunity, if he so chooses, to amend his complaint. In
25 the amended complaint, Plaintiff must state what rights he believes were violated. *See*
26 *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation
27 must be set forth in a separate count. The amended complaint must also state why the
28 federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by

Plaintiff must conform to the requirements of Rule 8(a)( and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count. Plaintiff may not replead the counts herein dismissed as frivolous.

Plaintiff is advised that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any [was] well disguised").

### 3. Representation by Attorney

Only licensed attorneys may represent a corporation in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and citation omitted); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than

retaining counsel to represent the corporation) (citing 28 U.S.C. 1654).

Filing an answer in federal court qualifies as an "appearance." *See e.g. French v. Hay*, 89 U.S. 238 (1874) (holding that defendant who swore to answer signed and filed by his counsel entered an appearance and thus placed himself within court's jurisdiction). An entity may appear in federal court only through licensed counsel. *See, e.g., Rowland*, 506 U.S. at 201-202. Because Craig R. Brittain is not a licensed attorney, he may not appear in this Court on behalf of his campaign committee even if he is its only member. *See Nesselrode, LLC v. Measure*, No. CV 07-49-M, 2007 WL 2398820, at *2 (D. Mont. Aug. 14, 2007) ("To the extent Nesselrode's motion requests that his corporation, Nesselrode, LLC, be permitted to proceed *pro se*, and that he be permitted to represent his corporation, the law does not support his request. Nesselrode is not an attorney, and . . . his corporation may appear in federal court only through licensed counsel. . . . [T]his well-settled rule . . . applies even if the individual seeking to represent the corporation is the president and sole shareholder of the corporation."). Therefore, Plaintiff Brittain for US Senate must find representation by a licensed attorney within 30 days of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff Craig R. Brittain's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff Brittain for US Senate must find representation by a licensed attorney **within 30 days** of the date of this Order.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Count Three of the Complaint is dismissed with prejudice as being frivolous and Counts One and Two are dismissed with leave to file an amended complaint **no later than August 31, 2018**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint, the Clerk of Court shall dismiss without prejudice and terminate this action on **September 4, 2018**, without further Order of the Court.

/ / /

**IT IS FURTHER ORDERED** that if Plaintiffs elect to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

Dated this 2nd day of August, 2018.

_____
Honorable G. Murray Snow
United States District Judge