```
Craig R. Brittain
8625 E. Sharon Dr.
Scottsdale, AZ, 85260
(602) 502-5612
craig@brittainforsenate.com
craigrbrittain@gmail.com
```

FILED ✓   LODGED ___
RECEIVED ___ COPY ___
AUG 27 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CRAIG R. BRITTAIN, an individual and US Senate candidate in Arizona in the 2018 Federal Elections; | No. CV-18-02366-PHX-GMS |
| Plaintiff(s), | **MOTION FOR RECONSIDERATION** |
| vs. | **MOTION FOR EXTENSION (TIME)** |
| DOUG DUCEY, Governor of the State of Arizona, in his official/public capacity only; | **NOTICE OF CROSS-APPEAL/APPEAL** |
| MICHELE REAGAN, Secretary of State for Arizona, in her official/public capacity only. | **ADDITIONAL MEMORANDUM** |
| Defendant(s). | |

## MOTION(S) FOR RECONSIDERATION, TIME EXTENSION AND NOTICE OF APPEAL/CROSS-APPEAL

Plaintiff humbly requests reconsideration by the Court and a short Time Extension, and submits a notice of future Appeal/Cross-Appeal with regards to the recent Order.

**NEW EVENTS/INFORMATION**

1. With regards to the Seventeenth Amendment claim complaint filed by the Plaintiff, the recent and tragic passing of US Senator John McCain acts as significant evidence that Plaintiff's claim of vacancy was indeed valid, rather than frivolous. Plaintiff's complaint did not assess the capability or qualifications of Senator McCain to serve, but rather assessed the facts. A reasonable person who is gainfully employed would conclude that a seven month absence from their workplace would leave them subject to replacement, but not necessarily termination. The Court should reconsider the proposition that the actual date beginning Senator McCain's vacancy was in December of 2017, prior to the Special Election deadline of May 31, 2018, rather than the date of his death. ARS 16-222(A) states that a vacancy need not be a product of death or incompetence, but can occur due to "any... cause", and ARS 16-222(D) provides the timeframe. Now that the question of vacancy has been resolved, the issue is the timeframe. As this is a Federal Election in the District of Arizona, Plaintiff humbly requests that the Court reverse its previous order which labeled his claim frivolous, find the matter justiciable under law, and rule that the vacancy be filled in the 2018 General Election, rather than the 2020 General Election. "Delays in law are odious."

2. With regards to the First and Fourteenth Amendment claims made by the Plaintiff, new evidence has emerged suggesting the loss of multiple petition signatures and campaign contributions by Arizona Secretary of State Michele Reagan's office. These claims have been made in writing and evidenced factually by a number of parties including gubernatorial candidate and previous Arizona Secretary of State Ken Bennett. These losses constitute fundamental breaches in/of the contract(s) associated with the election process, as the State cannot be relied upon to uphold the permissability of the petitions necessary to equally enforce the practical standards therein.

| | |
|---|---|
| 1 | *Munro v. Socialist Workers Party* (479 U.S. 189, 1986) held that the standard |
| 2 | for determining whether or not the practice of restricting ballot access was |
| 3 | legitimate was that "the response is reasonable and does not significantly |
| 4 | impinge on constitutionally protected rights." A fundamental breach of trust, |
| 5 | contract and Constitution such as the loss of valid signatures and/or campaign |
| 6 | contributions by the State of Arizona and/or the Secretary of State's office (1) |
| 7 | cannot be considered reasonable and (2) significantly impinges the |
| 8 | Constitutionally protected right to vote. Indeed, this is what the dissenting |
| 9 | Justices Brennan and Marshall were wary of when they stated: "The only |
| 10 | purpose this statute seems narrowly tailored to advance is the impermissible |
| 11 | one of protecting the major political parties from competition precisely when |
| 12 | that competition would be most meaningful." In a time where third parties and |
| 13 | candidates who are not crafted from the establishment mold are many, yet the |
| 14 | major parties continue to use the improper verdict in *Munro* as a whip to be |
| 15 | cracked rather than a yoke to be carried. Over a century has passed without |
| 16 | any State or Federal ballot ever being unreasonably encumbered, with or |
| 17 | without ballot signatures, and there is still no significant evidence as to the |
| 18 | illusory problem (A problem in search of a solution) of so-called 'ballot |
| 19 | crowding'. "[T]he State's solution exacerbates the very problem it claims to |
| 20 | solve, the State's means cannot be even rationally related to its asserted ends" |
| 21 | *(Munro, supra)*. Being as a fundamental breach of contract is a prima facie |
| 22 | example of the solution being worse than the problem, even the assertion of |
| 23 | illegitimate activity by the State from multiple reliable witnesses is grounds |
| 24 | for the reasonable re-examination by the Court. Plaintiff humbly requests that |
| 25 | Causes One and Two be rendered as initially submitted, and that rather than |
| 26 | imposing the burden of a formal screening, that the Court voice concerns |
| 27 | and/or objections to Plaintiff's statements/contentions during the rest of the |
| 28 | litigation process as they arise. |

1  FRCP 8(a)(1) and (a)(2) indicate that the complaint and jurisdiction/venue
2  statements must be "short and plain". The Court should consider that the
3  Complaint was filed (1) with the intent to be concise and follow Rule 8, and
4  (2) with the intent to have the full extent of the details of the Complaint
5  expressed in subsequent pleadings, concurrent with the FRCP and the Local
6  Rules of the District Court of the State of Arizona. That is, that the full
7  arguments supporting Plaintiff's claims would be expounded upon after the
8  initial filing was submitted and served. Furthermore, "Generally, plaintiffs are
9  required to plead facts showing that they have a plausible claim; they do not
10 have to plead law. [A] complaint need not pin plaintiff's
11 claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of
12 Civil Procedure generally requires only a plausible 'short and plain' statement
13 of the plaintiff's claim, not an exposition of his legal argument." (*Wolf,*
14 *Virginia et al v. Walker, Scott et al,* 14-cv-64-bbc, quoting from *Skinner v.*
15 *Switzer, 131 S. Ct. 1289, 1296 (2011)*) Thus, this Court should consider that the
16 Plaintiff's initial Complaint meets the "threshold [of] *Iqbal* and *Twombly*"
17 (*Wolf, supra*). Truly, the Plaintiff's concise approach was not based in lack of
18 understanding of the Civil Process, but rather respect for it and this Court.
19 The relief requested for the First and Second Causes was, and is, ballot access,
20 standard court expenses, and any other relief the Court wishes to grant. The
21 jurisdictional question is simple – any claim regarding the United States
22 Constitution is a Federal Question, and 28 U.S.C. § 1331 was cited, which
23 reads: "The district courts shall have original jurisdiction of all civil actions
24 arising under the Constitution, laws, or treaties of the United States."
25 As the Causes of Action listed are Constitutional in scope, this Court should
26 consider the "short and plain" statement of jurisdiction included within the
27 initial Complaint adequate.
28

1  Additionally, the Court should consider that the allegations are not conclusory
2  nor vague, but rather factual, evidenced, and/or with intent to evidence/prove
3  in further proceedings, and summarized to meet the FRCP. As Civil Rights
4  cases require great amounts of time and effort, the initial perceived absence of
5  critical/essential elements should not be a qualifying or disqualifying factor, as
6  the perception of which elements are essential to a case is based in positive
7  jurisprudence rather than the letter of the law. An ought cannot be replaced
8  with an is, and the Plaintiff humbly requests that the Court accept the majority
9  of the Complaint for what it is, rather than what it ought to be. As an
10 alternative, if the Court will accept that the definition and scope of "short and
11 plain" will substantially shift in a way that is not in accordance with what a
12 reasonable person would consider "short and plain", Plaintiff will graciously,
13 tirelessly and judiciously file an exhaustive Complaint which fully explains the
14 exact scope of his issues, claims, causes, relief and legal theories with regards
15 to all existing *stare decisis* and jurisprudence regarding the previous 111 years
16 of ballot-related legislation and its impact upon our nation and the Rule of Law
17 in certain and direct terms. The resulting Complaint will be over 100 pages in
18 length, and detail in great depth and wide length every single manner and
19 instance in which the Defendants have violated the US Constitution and the
20 Arizona Constitution via the current ballot access petition and Clean Elections
21 donation process(es).

22 **MEMORANDUM/MEMORANDA**

23         3. Plaintiff accepts the Order of the Court with regards to his Primary
24 Committee and will remove/drop/strike his Committee from the Complaint as
25 a Plaintiff.
26         4. The previously cited, but not entirely explained basis for the legal
27 theory of Plaintiff's First and Second Causes is the recent ruling by SCOTUS
28 in *Janus v. AFSCME, No. 16-1466, 585 U.S. ___ (2018)*, in which SCOTUS

1. overturned *Abood v. Detroit Board of Education, 431 U.S. 209 (1977)* on the
2. grounds that other precedents had proven *Abood* to be a mistake and an
3. "anomaly". The Court in *Janus* stated clearly their current grounds for
4. overturning a previous precedent: "The quality of
5. ...reasoning, the workability of the rule [the precedent] established,
6. its consistency with other related decisions, developments since the decision
7. was handed down, and reliance on the decision." In regards to these five
8. measures, *Munro* is (1) of low quality, (2) unworkable, (3) inconsistent, (4)
9. non-developing, and (5) of relatively low importance. Ballots have not grown
10. more or less "encumbered" since the Ruling was handed down in *Munro*. In
11. contrast, the ACTUAL dominant *stare decisis* precedent, *Reynolds v. Sims,*
12. *377 U.S. 533 (1964)*, is (1) high quality, (2) proven to work (3) consistent 99%
13. of the time, (4) continually developing and (5) of the utmost importance to
14. protecting both natural and Constitutionally granted rights. *Reynolds* stands in
15. direct contrast to *Munro*, and by that token, knowing that the current SCOTUS
16. has set the stage for equal justice under law to become a reality rather than a
17. mission statement, it is time for *Munro* to meet the same fate as *Abood*. While
18. Justice Kagan's dissent in *Janus* suggested that she did not wish for the US
19. Constitution to become a "sword", what The People need now more than ever
20. to restore their natural and Constitutional rights, is not peace, but a sword.
21. "The right of suffrage is denied by debasement or dilution of a citizen's vote in
22. a state or federal election." (*Reynolds, supra.*) In order to reach the Ruling in
23. *Munro,* the Court must either deliberately ignore *Reynolds* as the dominant
24. precedent or commit to making a massive exception, as the process of
25. requiring ballot petition signatures, many of which are lost, is a clear example
26. of debasement and dilution, in which the single vote of a US citizen is now
27. worth less than 100% of its initial value.
28.

*Reynolds* also found that "Weighting votes differently according to where citizens happen to reside is discriminatory" and "Legislators represent people, not areas." The ballot access petition process requires different numbers of signatures based on where the citizens involved live. It also requires candidates to secure the representation of areas (Congressional Districts) in order to be elected. This creates a perpetually shifting and thereby unconscionable requirement. Truly, the ballot access petition process was designed entirely to circumvent *Reynolds* and maintain majority supremacy. Again, this is merely a summary of a much larger argument that would shift "short and plain" if it were to be included in a single Complaint by the Plaintiff.

**REQUEST FOR TIME EXTENSION**

5. Plaintiff humbly requests one additional week (7 calendar days) from the Court's response to this Motion for Reconsideration to file an amended complaint. Plaintiff requests that any other required filings, such as those related to the MIDP, have their durations begin from the date at which a complaint which is submitted by the Plaintiff is accepted by this Court.

**NOTICE OF APPEAL/CROSS-APPEAL**

6. In lieu of reconsideration by the Court, which the Plaintiff humbly requests as to prevent undue strain upon the Higher Courts, and to enact timely relief, the Plaintiff submits a notice of future appeal/cross-appeal to the Higher Courts (Superior/Supreme Court of Arizona).

**MOTION FOR RECONSIDERATION**

7. Therefore, based on the information contained in this filing/pleading, Plaintiff requests that the Court reconsider its previous Order and grant the following:

8. A reversal of the previous ruling that Plaintiff's Third Cause of Action was frivolous, and a finding that the Cause was and is valid.

9. An acceptance of the factual reality that US Senator John McCain's now proven vacancy from the US Senate began in December of 2017.

10a. A reversal of the previous ruling that Plaintiff's complaint was invalid under the FRCP and acceptance of the previous complaint as "short and plain" under Rule 8(a)(1) and (2), absent of the second Plaintiff "Brittain for US Senate" which will be dropped/removed from the Complaint,   OR

10b. An affirmation of the previous dismissal with leave to amend, with an additional time extension of 7 calendar days (and any other time this Court sees fit to graciously provide) from the response to this filing/pleading, and the ability to re-plead all Three Causes with an extremely lenient interpretation of "short and plain".

11. A waiver of the formal screening. With respect to the Court, the Court still has the right to screen the complaint, but need not invoke an additional legal process to do so.

12. A reversal of the ruling that Plaintiff must meet requirements/standards other than those set forth by the FRCP and/or the Local Rules of the District Court of Arizona with regards to his Amended Complaint, and a finding that within the rules, Plaintiff may cite, state or reference whatever is necessary to establish the plausibility of the listed Causes.

Submitted in Good Faith with the Prayer(s) that this Court will reconsider:

DATED: August 27, 2018        *[signature]*

Craig R. Brittain

8625 E. Sharon Dr.

Scottsdale, AZ, 85260

(602) 502-5612

craig@brittainforsenate.com

craigrbrittain@gmail.com