Craig R. Brittain
8625 E. Sharon Dr.
Scottsdale, AZ, 85260
(602) 502-5612
craig@brittainforsenate.com
craigrbrittain@gmail.com

[FILED ✓  LODGED ___
RECEIVED ___  COPY ___
SEP 10 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY]

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CRAIG R. BRITTAIN, an individual and US Senate candidate in Arizona in the 2018 Federal Elections; <br><br> Plaintiff, <br><br> vs. <br><br> DOUG DUCEY, Governor of the State of Arizona, in his official/public capacity only; <br><br> MICHELE REAGAN, Secretary of State for Arizona, in her official/public capacity only. <br><br> Defendant(s). | No. CV-18-02366-PHX-GMS <br><br> **MOTION FOR CHANGE OF JUDGE** <br><br> **MOTION TO STAY PENDING APPEAL/CROSS-APPEAL** |

**MOTION(S) FOR CHANGE OF JUDGE, STAY PENDING APPEAL/CROSS-APPEAL**

Plaintiff files this motion for Change of Judge and Stay of Complaint pending Change of Judge and/or Appeal/Cross-Appeal to the Arizona Superior and/or Arizona Supreme Court.

**MOTION FOR CHANGE OF JUDGE**

1. Rule 42(f) of the Arizona Rules of Civil Procedure guarantees, as a right, one change of judge per party per case in the Arizona Superior Courts. Logically, this rule should be upheld in the District Court of Arizona as well. Plaintiff thereby requests that this rule be upheld and exercised as such, and that a replacement judge be appointed. Although Rule 42 states that Plaintiff need not explain the cause for change of judge, Plaintiff will hereby explain and show cause in order to prevent a repeat of the personal conflicts of interest which prevent current Judge G. Murray Snow from ruling impartially. Judge G. Murray Snow was personally recommended to the District Court of Arizona by Senator John McCain and Senator Jon Kyl in 2007. A personal recommendation is evidence of either friendship or partnership between Senator John McCain and Judge G. Murray Snow. As the third claim of the original Complaint directly names Senator John McCain and relies upon the interpretation of ARS 16-222(a) that McCain's illness met the "any other cause" standard of vacancy, it is extremely unlikely that Judge Snow would rule that the man who personally recommended him for a paid, guaranteed lifetime position as a Federal Judge vacated his position (leave his job) after an 8-month absence via terminal illness, ending in Senator McCain's tragic passing. The conflict of interest here can be equated to a refusal to "bite the hand that [fed]". Without Senator John McCain's personal recommendation, Judge G. Murray Snow would not be presiding over this case, and he may have never become a District Judge at all. In many ways, while the rest of the world considers that John McCain has passed, truly, he is still alive in Judge G. Murray Snow's heart. While his loyalty to his friend is admirable, it presents a direct conflict of interest in terms of the law. Therefore, Plaintiff requests that Judge Snow either recuse himself voluntarily or that a suitable replacement be appointed by the Courts.

    2. With regards to a suitable replacement, Plaintiff requests the following: (1) A Judge who has no personal or professional connections to, including recommendations by, donations to, political/official/professional support to or from, Senator McCain, Governor Ducey, Secretary of State Reagan, Chairman Lines, or any family members or friends of the aforementioned, (2) A Judge with no connections to people or elected officials within the Arizona Republican Party or national GOP that would present a conflict of interest, (3) A Judge who is timely with direct regards for the letter of the law and no perceived bias towards pro se litigants, (4) A Judge who understands that Juries are designed to interpret facts, rather than taking the role of both Judge and Jury upon themselves, (5) A Judge who will let the Plaintiff and the Defendant(s) settle their claims via the judicial process with as little interference as possible, who will allow quick process towards Discovery and Jury Trial in order to decide the interpretation of the law by the standards of reasonable people. The preamble of the Arizona Constitution in Section 2 states: "All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." Thereby, the judicial measurement of consent is the Jury, whose role is to interpret facts, and the Judge should not interfere with that consent because they believe they 'know what is best' for those they preside over. Truly, the Jury decides the whole of consent, and a Judge's proper role is to facilitate the meetings between litigants and Juries, and derive the law from those meetings, rather than attempting to write or refusing to write the law prior to them while obstructing that consent.

    3. Plaintiff re-emphasizes the demand for, and right to a Jury Trial in the initial Complaint which has been denied due to Judge Snow's conflict of interest.

4. Plaintiff also notes the lack of overall cause shown by Judge Snow. Memorandum submitted to the court is, generally, and whether stated or not, a request for the Judge and Court to show cause. Rather than showing cause, the reflexive issuance of a flat denial of the Motion for Consideration demonstrates the conflict of interest in action. Judge Snow had, and has, no intent to ever truly consider the legal merits of Plaintiff's arguments. Being that the Plaintiff has made numerous Good Faith attempts to facilitate providing Judge Snow with a version of a Complaint that would meet his standards, it is clear that standards are not the question, but rather the resulting, prevailing opinion of the Jury in agreement with the Plaintiff would be adverse to Judge Snow's interests, given his connections to Senator John McCain, and John McCain's connections to Governor Ducey and Secretary of State Reagan. The reason Judge Snow has not defended his actions, orders and rulings in this case is because those actions, rulings and orders are indefensible. Judge Snow asserted the third claim of the Complaint was "frivolous", but never showed cause to reflect that the Plaintiff's intent was frivolous. Plaintiff then provided a thorough summary of the legal merits of his claims, which Judge Snow proceeded to ignore. The linchpin of Judge Snow's claim, the supposed 'crux', was that Plaintiff is a pro se litigant, and thereby the assertion by the Judge is one of perception rather than fact – Judge Snow has asserted his underlying belief that all claims filed by pro se litigants are either frivolous or malicious, without evidence. Similar statements have been made by other pro se litigants who have participated in Court(s) ruled by Judge Snow over the years, and several of them would undoubtedly testify as to those ends under oath. It is unreasonable to assume malice or frivolity without conclusive evidence when the requisite action of filing a Complaint requires a signing in Good Faith. Judge Snow did not show cause, due to his conflict of interest.

1        5. The subsequent ruling by Judge Snow that the litigant would have to
2  acquire external counsel to proceed, on a technicality, is further evidence of
3  the conflict of interest and the dilatory tactics employed by Judge Snow in
4  order to avoid proceeding to Jury Trial immediately, by Right. Rather than the
5  difficult task of approving in part and denying in part, Judge Snow chooses
6  sweeping motions, the operation of a Judge who is interested in refusing cases
7  and arguments, rather than entertaining and presiding over them. Perhaps,
8  given that he has an apparent current disinterest in being a Judge after so many
9  years, Judge Snow should consider not only recusal but formal retirement, so
10 that a suitable replacement can be appointed by the current President of the
11 United States Donald J. Trump, who is actively adding effective and
12 unconflicted judges to the Judiciary at a rapid pace. After all, there are an
13 incredible number of extremely qualified candidates who would do an
14 excellent job of presiding over cases at the Federal level, thus allowing Judge
15 Snow to retire and perhaps vacation abroad to one of many beautiful regions
16 such as Tahiti, which many people say is a magical place. Truly, the Plaintiff
17 wishes no ill towards Judge Snow, finds his friendship with John McCain
18 charming and admirable, and simply wishes to advance his own Case so that a
19 Jury can rightly rule in his favor, and so that the law allowing a General
20 Election this year instead of in 2020 can be rightly interpreted.
21 Thus, Plaintiff requests a Change of Judge, with allowance for Judge G.
22 Murray Snow to recuse himself voluntarily prior to if the Judge so wishes.

**MOTION TO STAY**

24       6. Plaintiff files a Motion to Stay on the Complaint and all Motions,
25 Orders and other filings, pending the Motion for Change of Judge wherein the
26 proceedings, timeframes and other conditions of the current Case will be
27 handled by the Judge selected to replace Judge G. Murray Snow.

7. Plaintiff reiterates intent to file an appeal/cross-appeal to the Superior and/or Supreme Court(s) of Arizona, but would prefer to have the Case heard in this District Court of Arizona first.

In Good Faith and with respect for Court and Law,

DATED: September 10, 2018      *[signature]*

                Craig R. Brittain
                8625 E. Sharon Dr.
                Scottsdale, AZ, 85260
                (602) 502-5612
                craig@brittainforsenate.com
                craigrbrittain@gmail.com